Submitted on briefs October 31, reversed December 26, 1975

PARQUIT CORPORATION, *Appellant, v.*
ROSS ET AL, *Respondents.*

543 P2d 1070

*LaVelle Day, Michael S. Fryar* and Cornilles & Banton, Portland, for appellant.

*Stephen B. Herrell* and McMenamin, Joseph & Herrell, for respondent Normandin.

DENECKE, J.

The sole issue is whether the defendant Harvey, who represented himself in this lawsuit, is entitled to a judgment for attorney fees. ORS 20.096 would allow attorney fees under the present circumstances if the defendant had engaged the services of an attorney. The defendant Harvey was suspended from the practice of law during most of these proceedings, including trial. We do not consider that he was acting as an attorney during this period.[1] The defendant Normandin is the trustee in bankruptcy of Harvey.

The trial court awarded attorney fees and plaintiff appeals.

Defendant contends he is entitled to an attorney fee because the plaintiff so stipulated. Plaintiff denies it so stipulated. The stipulation is not in the record because that portion of the proceeding was not reported. For this reason we cannot consider any stipulation.

1. ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

ORS 20.096 was aimed particularly at adhesion contracts. Such contracts were one-sided; if the party who prepared the contract won, the adverse party had to pay the attorney fees incurred by the prevail-

[1] We do not attempt to decide whether attorney fees should be awarded if the party representing himself was authorized to practice law.

ing party, as well as any attorney fees the adverse party incurred. If that party lost, the adverse party had to pay any attorney fee incurred by it. The statute was to equalize the positions of the parties. *McMillan v. Golden,* 262 Or 317, 320, 497 P2d 1166 (1972).

If a party, not an attorney, represents himself or herself, he might incur some loss because he could have been earning compensation doing something else during that time. Ordinarily, the amount so lost would be insignificant compared to the cost of securing an attorney. We do not believe the legislature intended this loss, if any, to be reimbursed to the prevailing party. The language of the statute, "attorney fees and costs incurred," does not indicate any intent to include the reimbursement for such loss.

The cases we have found interpreting statutes and contract provisions providing for attorney fees have denied attorney fees under the circumstances present here. *Gorse v. Parker,* 36 F 840 (CC ND Ill 1888); *Patterson v. Donner,* 48 Cal 369, 380 (1874); *O'Connell v. Zimmerman,* 157 Cal App2d 330, 321 P2d 161, 165 (1958).

■ Defendants contend we should not consider plaintiff's appeal because plaintiff's brief did not comply with our Rules of Procedure, particularly, Rules 6.18, 6.19 and 6.21. Plaintiff's brief is deficient in these respects. Because of the nature of the assigned error and the small record, despite the deficiencies in the brief, we were able to discern the issue and decide it. It is essential, however, for the operation of this court that briefs be written to comply with the rules. Because of its failure to comply, the plaintiff is not allowed costs. *Wynn v. Sundquist,* 259 Or 125, 131, 485 P2d 1085 (1971); *Gowans v. N. W. Pac. Indem. Co.,* 260 Or 618, 628, 489 P2d 947, 491 P2d 1178 (1971).

Reversed.