**In re Riley Ted JONES, Debtor.**

**Bankruptcy No. 386–00225–H13.**

United States Bankruptcy Court,
D. Oregon.

March 10, 1988.

---

Herb Weisser, Portland, Or., for debtor.

## MEMORANDUM OPINION

John Mirandas, pro se.

HENRY L. HESS, Jr., Chief Judge.

This matter came to be heard upon the objections of the debtor to the claim of John Mirandas. The claim was based upon a promissory note which the debtor contended was invalid. Mr. Mirandas, an attorney licensed to practice before this court, successfully represented himself in establishing the enforceability of the note. The hearing was continued to determine whether the creditor was entitled to an award of attorney fees pursuant to the following note provision:

> If this note is placed in the hands of an attorney for collection, I/we promise and agree to pay the holder's reasonable attorney's fees and collection costs, even though no suit or action is filed hereon; however, if a suit or an action is filed, the amount of such reasonable attorney's fees shall be fixed by the court, or courts in which the suit or action ... is tried, heard or decided.

Had Mr. Mirandas retained an attorney to represent him in the claim proceeding he would have been entitled to his reasonable attorney fees. *In re Layton*, No. 386–00255–H–13 (Bankr.D.Or. Oct. 5, 1987). Here, however, the prevailing party was an attorney appearing pro se. Courts are divided on the issue of whether a pro se attorney is entitled to an award of fees under a contractual provision granting fees to a prevailing party.

The rationale of those cases allowing an award of fees is that the services rendered by the attorney/litigants may amount to the same pecuniary loss as if another attorney were paid for doing the work. *See, e.g. Winer v. Jonal Corp.*, 169 Mont. 247, 545 P.2d 1094, 1096 (1976). This court believes that an Oregon court, if faced with the issue, would adopt a contrary view.

The argument that an attorney should be compensated because the time could otherwise have been used on fee-generating services would apply with equal force to all wage earners. In Oregon non-lawyers are not entitled to compensation under an attorney fee provision for time expended in collecting a debt. *Parquit Corporation v. Ross*, 273 Or. 900, 543 P.2d 1070 (1975). Rather, actual out-of-pocket expenses are necessary to recover under a contractual attorney fee provision. The rule should be no different where it is an attorney who is the party appearing pro se. *Connor v. Cal–Az Properties, Inc.*, 137 Ariz. 53, 56, 668 P.2d 896, 899 (1983).

The purpose of the attorney fee provision in the above note is to assure that the creditor will be able to collect the debt without having his recovery diminished by costs of collection. The creditor could have retained another attorney to represent him in the litigation, allowing the creditor to devote his time to remunerative matters. However, he chose to proceed pro se and not incur an obligation to pay attorney fees. Where the latter course is followed, litigants, whatever their profession may be, cannot reasonably expect compensation for expenses which were not incurred.

It appears that the creditor has incurred some out-of-pocket expenses (exclusive of

general office overhead) for which he is entitled to compensation. He shall, within fifteen days of the date of this opinion, serve upon the debtor's attorney an accounting of those costs, together with an accounting of the amount of unpaid principal and unpaid interest as of the date of the petition. The debtor shall, within thirty days of the date of this opinion, file specific objections thereto or a statement that no there are no objections.

■ Mr. Mirandas also asserts entitlement to an administrative claim for services not directly related to collecting upon the promissory note which resulted in the recovery of assets for the estate. Some of those services may have been at the request of the trustee. Before the court may properly consider that claim it is necessary for the creditor to file an application for allowance of administrative claim which complies with Bankr.R. 2016 and General Order 85–10.