Argued and submitted November 5, 1996, decision of the Court of Appeals reversed in part and otherwise affirmed; judgment of the circuit court affirmed
June 12, 1997

Oscar O. DOMINGO
and Patricia M. Domingo,
*Respondents on Review,*

*v.*

Ace R. ANDERSON,
*Petitioner on Review,*

*and*

W. Louis LARSON,
Lucy E. Kivel and D. Richard Fisher,
*Respondents.*

(CC 9306-03850; CA A84591; SC S43252)

938 P2d 206

Janet M. Schroer, of Hoffman, Hart & Wagner, Portland argued the cause for petitioner on review. With her on the petition was Marjorie A. Speirs.

Les Rink, Beaverton, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.

FADELEY, J.

## FADELEY, J.

Plaintiffs Domingo gave defendant Anderson a trust deed to secure payment of plaintiffs' debt to him. The deed named Anderson as its beneficiary. Plaintiffs defaulted. The property was sold at a trustee's sale. Anderson made the highest bid, thereby obtaining the property.

Plaintiffs then brought the present action, claiming that the notices of sale and the sale were improper.[1] Specifically, plaintiffs sought damages and attorney fees from Anderson under the contractual terms of the trust deed and the provisions of ORS 20.096.

The trust deed provides that grantor (*i.e.*, plaintiffs):

"[A]grees * * * to appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary * * * and in any suit, action or proceeding in which the beneficiary * * * may appear * * * to pay all costs and expenses, including * * * the beneficiary's or trustee's attorney fees; the amount of attorney's fees mentioned in this paragraph 7 in all cases shall be heard by the trial court and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney's fees in such appeal."

The parties filed cross-motions for summary judgment.[2] The trial court denied plaintiffs' motion, granted defendants' motion, and ordered that summary judgment be entered for defendants.

Before judgment was entered, Anderson filed a claim for attorney fees pursuant to the applicable contract. The lawyer who represented all four defendants in this case was retained by the Professional Liability Fund (PLF),[3] not

---

[1] In addition to Anderson, other defendants in the present case were a lawyer who served as successor trustee, his law partner who served as the trustee's lawyer for the sale, and the person who conducted the sale. As the case reaches us, only Anderson is involved.

[2] Anderson argued that the contract did not include the provision that plaintiffs alleged that he had breached or, in the alternative, that plaintiffs' damages were caused by their failure to cure the default, not because of any wrongful conduct by defendants.

[3] The PLF is a lawyers' professional liability insurance fund established by the Oregon State Bar pursuant to ORS 9.080(2) and ORS 9.191(3).

by any of the defendants personally. After summary judgment was ordered, all defendants sought attorney fees, as provided in ORS 20.105(1), on the basis that plaintiffs had brought the action in bad faith—*i.e.*, had "no objectively reasonable basis for asserting the claim." The trial court declined to award attorney fees on the "bad faith" ground. Anderson also made a separate claim for attorney fees based on the contract contained in the trust deed. The trial court awarded Anderson attorney fees on that theory. Only Anderson received an award of attorney fees.

On plaintiffs' appeal, the Court of Appeals sustained the judgment of the circuit court in favor of defendants but reversed the award of attorney fees to Anderson, on the asserted ground that an award of attorney fees to him "would be a windfall, either to him or to the PLF," because the Court of Appeals believed that Anderson had no obligation to pay for the legal services that he had received.[4] *Domingo v. Anderson*, 138 Or App 521, 529, 910 P2d 402 (1996). We allowed review limited to the issue whether Anderson is entitled to recover attorney fees.

■ In Oregon, the general rule is that the prevailing party in a legal proceeding is not entitled to an award of attorney fees unless the award is authorized by statute or a specific contractual provision. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990).

Plaintiffs argue that Anderson must show that he "incurred attorney fees" before the contract to pay them will apply. Plaintiffs' argument relies on the failure of the cost bill filed by Anderson to state that he personally paid his lawyers. Plaintiffs do not tie their argument to any wording of the contract. The gravamen of plaintiffs' argument is that Anderson is not entitled to an award of attorney fees because a third party paid for his lawyer in this case.

---

[4] The Court of Appeals stated that Anderson's lawyers relied on the PLF for payment of their fees and that there was no evidence of an express or implied contract whereby Anderson would pay them. 138 Or App at 528-29.

The parties did not address the issue below and, therefore, we do not address here, the question whether Anderson had, under the facts of this case, either an obligation to pay the PLF for the defense or an obligation to defray the trustee's legal expenses.

■ The contractual provisions, quoted above, do not contain any condition or qualification rendering them inapplicable if a third person, rather than one of the parties to the litigation, pays the lawyer's fees. The contract language authorizes and directs an award of attorney fees, leaving the decision of the amount that is "reasonable" to the court.[5] The specific argument made by plaintiffs does not claim that the words of the contract provide a basis for refusing to award attorney fees.

The Court of Appeals did not rely on any provision of the contract to support its reversal of the trial court's award of attorney fees to Anderson. Instead, the Court of Appeals relied on two of this court's decisions: *Associated Oregon Veterans v. DVA*, 308 Or 476, 782 P2d 418 (1989), applying a contract provision; and *Parquit Corp. v. Ross*, 273 Or 900, 543 P2d 1070 (1975), applying ORS 20.096.

In *Parquit*, this court held that a party who represented himself was not entitled to collect attorney fees, because the party was not represented by a lawyer and, thus, there were no attorney fees. 273 Or at 902. In *Associated Veterans*, this court held that a party could collect attorney fees under a contract providing for them. In that context, this court further held that, when billing for the fees was on an hourly basis, the court could award only the amount produced by multiplying the number of hours expended by the hourly rate in fact charged by the party's lawyer. 308 Or at 481.

Neither case relied on by the Court of Appeals is dispositive of the present case. *Parquit* does not apply, because Anderson was represented by a lawyer. *Associated Veterans* is not dispositive, because the amount of attorney fees requested is the amount that was earned and billed for the services performed by Anderson's lawyer.[6] Payment of

---

[5] Under the contract terms, plaintiffs agreed, *i.e.*, promised, to pay the beneficiary's or trustee's attorney fees. In this case, the beneficiary's and trustee's attorney fees appear to be for the same services. However, the trustee did not claim attorney fees under the contract.

[6] *Compare Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 502 P2d 1378 (1972) (awarding fees on the basis of a reasonable amount rather than limiting them to a percentage of the recovery under the contingency contract between client and lawyer).

Anderson's lawyer by the PLF does not render inapplicable the contractual provisions that create a right to reasonable attorney fees.

The Court of Appeals' opinion further stated, as a dispositive distinction in this case, that a court may award attorney fees to some litigants who do not pay for their representation personally, but not to others who similarly do not pay, depending on the organizational status and motivation of whoever pays the lawyer who provided the services. 138 Or App at 529. In furtherance of that distinction, that court noted that a "public interest organization that represents a party without charging a fee in order to further the organization's goals" should receive an attorney fee award. 138 Or App at 529 n 10. The court explained:

> "In such situations the client is not the incidental beneficiary of some other legal obligation of the organization; * * * [t]he organization does not receive a windfall if the losing party bears the burden of the successful joint promotion of that purpose." *Ibid.*[7]

Assuming its validity otherwise, such a distinction does not control this case, because it is not derived from the contract provision concerning the award of reasonable attorney fees. We now turn to the task of applying the foregoing points to decide this case, in which only the entitlement to attorney fees is contested, not the amount.

Anderson prevailed. Whether or not he was personally obligated to pay for the service, he was represented by a lawyer. Anderson's lawyer stated his bill for services. Based on that statement, the circuit court set the dollar amount of

---

[7] In cases decided after *Associated Veterans,* and both before and after the present case, the Court of Appeals has awarded attorney fees even though the party receiving the award had not paid them. *See, e.g., Vollstedt v. Fredericks,* 108 Or App 68, 72, 814 P2d 525 (1991) (awarding fees to the defendant who tendered defense of the plaintiffs' claims to a third party who provided the defendant with counsel and who the defendant did not pay, rejecting "windfall" argument); *State ex rel Binschus v. Schreiber,* 141 Or App 288, 294, 917 P2d 1063 (1996) (awarding mother attorney fees under ORS 109.103, incorporating by reference ORS 107.135(7), even though legal aid represented mother without charge in a change of custody dispute); and *Kendall v. Daggett,* 139 Or App 170, 173, 911 P2d 971 (1996) (relying on ORS 90.255 as interpreted in *Executive Mgt. Corp. v. Juckett,* 274 Or 515, 519, 547 P2d 603 (1976), awarding attorney fees to a tenant represented by legal aid).

the "reasonable attorney fees" called for by the parties' contract. The circuit court's action was correct under the contract. The Court of Appeals erred when it reversed that award.

The decision of the Court of Appeals on attorney fees is reversed; the decision of the Court of Appeals is otherwise affirmed. The judgment of the circuit court is affirmed.