On respondent's petition for attorney fees and cost bill filed April 25, and appellant's objection to petition for attorney fees filed May 8, petition for attorney fees denied August 1, 2007

Eugene V. ANDERSON,
*Plaintiff-Respondent,*

*v.*

Charles T. WHEELER,
*Defendant-Appellant.*

Jackson County Circuit Court
031297L2; A131315

164 P3d 1194

Timothy C. Gerking, Dominic M. Capanella, and Brophy, Mills, Schmor, Gerking, Brophy & Paradis, LLP for response.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff, an attorney in private practice, asserted claims against defendant for unpaid attorney fees. He represented himself. He prevailed in court-annexed mandatory arbitration, *see* ORS 36.400 - 36.425, on trial *de novo* requested by defendant, and on appeal, *Anderson v. Wheeler*, 211 Or App 712, 156 P3d 174 (2007). He now seeks attorney fees. Defendant objects to the request for attorney fees on the ground that, having represented himself, plaintiff incurred no attorney fees to be paid. We conclude that, at least on the record before us in this case, plaintiff has not demonstrated entitlement to attorney fees. We therefore deny the petition.

Plaintiff contends that he is entitled to attorney fees under ORS 36.425(4)(b), which provides, in part:

"If a party requests a trial de novo [after court mandated arbitration] under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(a), the party is not entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, pursuant to subsection (5) of this section *the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator.*"

(Emphasis added.) In his affidavit in support of his petition for attorney fees, plaintiff states that he is an attorney licensed to practice law in Oregon. He sets forth the amount of the requested fee, and he lists various factors that he asks us to consider in determining a reasonable award. He also attaches a statement itemizing the work performed, the hours expended by plaintiff and his legal assistant, the hourly rate, and the amount. Under the column "Billing Status," the entry for each entry is listed as "unbilled." The total amount, all listed as unbilled, is $5,597.

Defendant's objection to the petition is based on the requirement in ORS 36.425(4)(b), that the party seeking an award of attorney fees have "incurred" attorney fees. According to defendant, the statute requires that the party seeking fees have an obligation to pay attorney fees in the first place.

Because plaintiff chose to represent himself, defendant argues, he did not incur the obligation to pay such fees and there are therefore none that may be recovered under the statute.

The issue is one of first impression. In *Parquit Corp. v. Ross*, 273 Or 900, 902, 543 P2d 1070 (1975), the Supreme Court held that similar language—"attorney fees and costs incurred"—in ORS 20.096 does not indicate a legislative intent to award attorney fees to a *nonlawyer* party who represents himself or herself. The court expressly noted, however, that "we do not attempt to decide whether attorney fees should be awarded if the party representing himself was authorized to practice law." 273 Or at 901 n 1. Courts in other jurisdictions have addressed the issue, and the uniform conclusion appears to be that, at least with respect to statutes that provide for an award for attorney fees "incurred," an attorney who represents himself or herself is not entitled to recover such fees.[1] It remains to be determined whether the Oregon legislature, in enacting ORS 36.425(4)(b), intended to depart from that conclusion.

It is an issue of statutory construction, which we determine first by viewing the statutory text in context, giving words of common usage their plain, natural, and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993). As we have noted, ORS 36.425(4)(b) provides that plaintiff is entitled to "attorney fees * * * *incurred*" after the filing of the decision and award of the arbitrator. (Emphasis added.) That means that attorney fees are recoverable under that statute only if a party has incurred attorney fees in the first place. In this case, there is

---

[1] *See, e.g., Kay v. Ehrler*, 499 US 432, 436, 111 S Ct 1435, 113 L Ed 2d 486 (1991) (purpose of Civil Rights Attorney's Fees Award Act was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights); *Krecioch v. US*, 316 F3d 684 (7th Cir 2003); *Burka v. U.S. Dept. of Health and Human Services*, 142 F3d 1286 (CA DC 1998) (*pro se* attorneys are not entitled to attorney's fees under the fee-shifting provisions of the Freedom of Information Act); *SEC v. Price Waterhouse*, 41 F3d 805 (2d Cir 1994); *Corrigan v. United States*, 27 F3d 436, 438 (9th Cir 1994); *United States v. McPherson*, 840 F2d 244 (4th Cir 1988); *Wolfel v. United States*, 711 F2d 66 (6th Cir 1983) (noting that the First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Federal Circuits have ruled that *pro se* litigants are ineligible for attorney fees); *see also FMB-First Mich. Bank v. Bailey*, 232 Mich App 711, 713, 591 NW2d 676, 678 (1998) (*pro se* litigants, including attorneys, do not incur attorney fees when they represent themselves).

no debate about the meaning of "attorney fees." What is in dispute is the meaning of "incurred."

The statute does not define the term. It is a term of common usage. Consequently, we give the word its common meaning, *Smurfit Newsprint Corp. v. Dept. of Rev.*, 329 Or 591, 597, 997 P2d 185 (2000) ("At the first level of analysis, we examine the text and context, giving words of common usage their plain, natural, and ordinary meaning."), unless there is evidence that the legislature intended some other meaning. *See, e.g., Wyatt v. Body Imaging, P.C.*, 163 Or App 526, 533, 989 P2d 36 (1999), *rev den*, 330 Or 252 (2000) ("[W]e begin with [the statutory text], giving the textual terms their ordinary meanings, unless the statutes or their contexts make clear that a different meaning was intended[.]").

As defined in *Webster's Third New Int'l Dictionary* 1146 (unabridged ed 2002), the pertinent meaning of "incur" is to "become liable or subject to." Nothing in the phrasing of the statute or its context suggests that the legislature intended the term to have a different meaning. Thus, as used in ORS 36.425(4)(b), the term "incurred" takes on its ordinary meaning. That means that attorney fees are recoverable only if a party has incurred them—that is, has become liable to pay them.

In this case, the record does not show that plaintiff "incurred" attorney fees in the ordinary sense of that term. The statement that plaintiff submitted shows, in some detail, the amount of time that he spent on various tasks in the course of the litigation. It also shows the value of that time, had the time been billed. But it also plainly states that all of plaintiff's time was, in fact, "unbilled." Plaintiff did not state in his affidavit that he was liable to pay any expenses for his own representation. On this record, therefore, there is simply no basis on which we could conclude that plaintiff was liable for the payment of any attorney fees.

To be sure, the fact that plaintiff spent time on the case permits the inference that he incurred an economic loss of a sort; presumably, plaintiff could have spent the time devoted to the case on remunerative work, and that lost opportunity is a very real cost that plaintiff incurred. But the

statute does not provide for an award for lost economic opportunities.

In that regard, the Supreme Court's decision in *Parquit Corp.* is instructive. As we have noted, in that case, the plaintiff was a nonattorney who appeared on his own behalf, prevailed, and petitioned for an award of fees under ORS 20.096, which also provides for an award for "attorney fees and costs incurred." 273 Or at 901. In denying the petition, the court acknowledged that the plaintiff had incurred economic loss of a sort, "because he could have been earning compensation doing something else during that time." *Id.* at 902. The court nevertheless concluded that the type of loss recoverable under the statute was more limited and did not authorize the recovery of attorney fees as a way of reimbursing for that loss. *Id.*

That reasoning would seem to apply in this case as well. More important, plaintiff in this case does not ask for reimbursement for his lost economic opportunity. He asks for an award of attorney fees. As we have noted, the statute permits such an award only if attorney fees were incurred in the first place.

In reaching this conclusion on the facts of this case, we do not mean to suggest that an attorney who represents himself or herself can never recover attorney fees under ORS 36.425(4)(b). But there must be a record from which we can determine that the attorney fees were actually "incurred" within the meaning of the statute. There being no such record in this case, we must deny plaintiff's petition.

Petition for attorney fees denied.