On appellant's petition for attorney fees and costs filed January 14, respondent's response-objection to petition for attorney fees filed February 12, and appellant's reply to attorney fee objections filed February 19, petition for attorney fees denied; costs allowed in amount of $520.98 to abide outcome on remand
June 17, 2009

## Craig COLBY,
*Plaintiff-Appellant,*

*v.*

## Karen GUNSON,
State Medical Examiner,
*Defendant-Respondent.*

Marion County Circuit Court
06C15785; A133979

210 P3d 917

Craig P. Colby for petition.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, for response.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff Colby is an attorney who represented himself in this proceeding for inspection of public records under the Oregon Public Records Law, ORS 192.410 to 192.505. Plaintiff prevailed in the appeal and seeks attorney fees and costs under ORS 192.490(3). We deny the petition for attorney fees and allow costs in the amount of $520.98, to abide by the outcome on remand under ORAP 13.05(4).

Plaintiff was successful in obtaining a remand of a decision denying him access to defendant medical examiner's autopsy and laboratory test reports. We determined that the records were not exempt from disclosure by defendant under ORS 192.502(9)(a), which allows nondisclosure of records that are privileged or confidential under Oregon law. We remanded the case for further proceedings to determine whether another exemption to the obligation to disclose the records might apply. *Colby v. Gunson,* 224 Or App 666, 199 P3d 350 (2008).

Plaintiff seeks an award of attorney fees and costs under ORS 192.490(3). That statute applies to suits filed under provisions of the Oregon Public Records Law and provides:

> "If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof."

Plaintiff argues that he is entitled to attorney fees and costs under ORS 192.490(3) because he is a "person seeking the right to inspect" public records, and he prevailed in the appeal. Defendant contends that the statutory reference to "attorney fees" includes only fees that are charged to a client under a contractual commitment between an attorney and client and not the value of the time invested in the case by a self-represented client. Our determination of the intended meaning of the term "attorney fees" in ORS 192.490(3) is governed by the method described in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d

1143 (1993), as recently modified by *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (examination of the text and context of the statute, and legislative history of the enactment when that history appears useful to the court's analysis).

We recently decided whether a different attorney fee statute allowed an award of fees in similar circumstances. In *Anderson v. Wheeler*, 214 Or App 318, 164 P3d 1194 (2007), a self-represented attorney sought fees under ORS 36.425(4)(b), which required the taxing of "reasonable attorney fees and costs * * * incurred" by the successful party under the particulars of that case. We concluded that the fees were not "incurred" by the self-represented attorney because there was no liability to pay those fees. The court reasoned:

> "In this case, the record does not show that plaintiff 'incurred' attorney fees in the ordinary sense of that term. The statement that plaintiff submitted shows, in some detail, the amount of time that he spent on various tasks in the course of the litigation. It also shows the value of that time, had the time been billed. But it also plainly states that all of plaintiff's time was, in fact, 'unbilled.' Plaintiff did not state in his affidavit that he was liable to pay any expenses for his own representation. On this record, therefore, there is simply no basis on which we could conclude that plaintiff was liable for the payment of any attorney fees."

*Anderson*, 214 Or App at 322.

ORS 192.409(3) does not require that the attorney fees be "incurred." The statutory construction issue in this case, then, is whether the bare term "attorney fees" implies that same contractual dynamic—a charge by an attorney that a separate entity is obligated to pay. We determine the legislative intent in the use of particular statutory wording by giving words their plain, natural, and ordinary meaning. *Haynes v. Tri-County Metro.*, 337 Or 659, 663, 103 P3d 101 (2004). In common parlance, "attorney fee" connotes a charge for an attorney's professional services. *Webster's Third New Int'l Dictionary* 833 (unabridged ed 2002) defines "fee" to include "compensation often in the form of a fixed charge for

professional service or for special and requested exercise of talent or of skill (as by an artist) (a doctor's ~) (a lawyer's retainer ~)." Similarly, *Black's Law Dictionary* 139 (8th ed 2004) defines "attorney fee" as "[t]he charge to a client for services performed for the client, such as an hourly fee, a flat fee, or a contingent fee." A "charge," in turn, arises in a transaction between two persons. *Webster's* defines "charge" to mean:

> "**5 a :** expenditure or incurred expenses ‹living at the ~ of his brother›: as (1) payment of costs **:** money paid out (2) **:** a pecuniary liability (as rents or taxes) against property, a person, or an organization * * * **b :** the price demanded for a thing or service."

*Webster's* at 377.

The ordinary meaning of "attorney fee," then, is the price demanded by an attorney for services rendered to a separate client entity. We find nothing in the text or context of ORS 192.490(3) to suggest a different meaning for that statute.[1] The parties do not supply a legislative history of the statute indicating that an unordinary meaning was intended.

Our understanding of the ordinary meaning of "attorney fees" is reinforced by decisions from other jurisdictions interpreting similarly worded attorney fee provisions in public records disclosure laws. For example, the District of Columbia's public records disclosure law provides that, "[i]f a person seeking the right to inspect or to receive a copy of a public record prevails in whole or in part in such suit, he or she may be awarded reasonable attorney fees and other costs

---

[1] ORS 20.075(2) sets out factors to be considered by a court in determining the amount of an attorney fee award when an award is authorized by statute. Those factors assume separate attorney and client entities. *See, e.g.,* ORS 20.075(2)(b) ("[t]he likelihood, *if apparent to the client,* that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases" (emphasis added)); ORS 20.075(2)(e) ("[t]he time limitations *imposed by the client* or the circumstances of the case") (emphasis added); ORS 20.075(2)(f) ("[t]he nature and length of the attorney's professional *relationship with the client*" (emphasis added)). ORS 20.075(2) reinforces the conclusion that the ordinary meaning of "attorney fee" is a charge by an attorney that a separate entity is obligated to pay. In plaintiff's fee petition, applying the ORS 20.075(2) factors, he notes that the "nature and length of the attorney's professional relationship with the client" is "very tight."

of litigation." DC Code § 1-1527(c) (1992 Repl). In *McReady v. Dept. of Consumer & Regulatory Affairs*, 618 A2d 609, 612 (DC 1992), the court interpreted that statute and followed the federal rule that no fees could be awarded to a *pro se* litigant, citing the United States Supreme Court's holding in *Kay v. Ehrler*, 499 US 432, 111 S Ct 1435, 113 L Ed 2d 486 (1991) (precluding awards of fees in section 1983 cases to persons who appear *pro se*, whether or not they are attorneys).

Similarly, an analogous Illinois fee provision in its public records disclosure law provided:

> "If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees but only if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any rational basis in law for withholding the record."

Ill Rev Stat 1987, ch 116, ¶ 211(h), *renumbered as* 5 ILCS 140/11. Illinois courts construe the statute to deny *pro se* attorney fees. The court said that "the most effective way to deter potential abusive fee generation is to deny fees to lawyers representing themselves. * * * [W]e hold that an attorney proceeding *pro se* in an action brought under the Illinois FOIA is not entitled to an award of fees under that statute." *Hamer v. Lentz*, 132 Ill 2d 49, 62-63, 547 NE 2d 191 (1989).

We conclude that the allowance of "attorney fees" by ORS 192.490(3) includes only a charge by an attorney that a separate entity is obligated to pay. It does not include the hypothetical compensation that a self-represented attorney might have been paid by another person. Plaintiff is not entitled to an award of attorney fees.

ORS 192.490(3) requires an award of costs and disbursements if plaintiff "prevails in the suit." Plaintiff petitioned for costs for the appeal in the amount of $520.98. Defendant did not object to that amount. ORAP 13.05(4) states that, "[w]hen a party prevails on appeal or on review and the case is remanded for further proceedings in which the party who ultimately will prevail remains to be determined, the court may allow costs to abide the outcome of the case." We award costs in the amount of $520.98, depending

on whether plaintiff prevails in the inspection of public records in the case on remand.

Petition for attorney fees denied; costs allowed in the amount of $520.98 to abide outcome on remand.