Argued and submitted May 13, decision of Court of Appeals reversed, and case
remanded to Court of Appeals for further proceedings August 26, 2010

Craig COLBY,
*Petitioner on Review,*

*v.*

Karen GUNSON,
State Medical Examiner,
*Respondent on Review.*

(CC 06C15785; CA A133979; SC S057691)

238 P3d 374

Craig P. Colby argued the cause and filed the petition for review *in propria persona*.

Jerome Lidz, Solicitor General, argued the cause and filed the brief for respondent on review. With him on the brief was John R. Kroger, Attorney General.

Thomas M. Christ, Portland, filed a brief for *amici curiae* ACLU Foundation of Oregon, Inc., Oregon Trial Lawyers Association, Oregon Law Center, and Disability Rights Oregon.

Barbara L. Johnston, Brisbee & Stockton LLC, Hillsboro, filed a brief for *amicus curiae* Carrell F. Bradley. With her on the brief was Larry A. Brisbee.

BALMER, J.

**BALMER, J.**

This case requires us to determine whether an attorney, acting *pro se,* is entitled to attorney fees under ORS 192.490(3), which grants "reasonable attorney fees" to any person who prevails in a suit seeking disclosure of a public record. Plaintiff, an attorney, filed an action on his own behalf seeking access to reports in the possession of the state medical examiner. The trial court dismissed plaintiff's claims. On appeal, the Court of Appeals reversed and remanded. Plaintiff then sought attorney fees. The Court of Appeals denied plaintiff's request, reasoning that the phrase "attorney fees" does not include the value of legal services performed by an attorney acting *pro se. Colby v. Gunson,* 229 Or App 167, 210 P3d 917 (2009). We allowed plaintiff's petition for review and now reverse the decision of the Court of Appeals.

Plaintiff requested that defendant, the state medical examiner, disclose autopsy and laboratory reports prepared during the investigation of a police shooting. Plaintiff made the request pursuant to ORS 192.420, which provides that, with certain exceptions, "[e]very person has a right to inspect any public record of a public body in this state." Defendant refused to disclose the reports, contending that they were exempt from disclosure. Plaintiff petitioned the Attorney General to order defendant to disclose the reports, and the Attorney General denied plaintiff's petition.

Plaintiff then instituted proceedings in the Marion County Circuit Court to obtain disclosure. *See* ORS 192.450(2) (authorizing proceedings). The trial court determined that the records were exempt from disclosure under ORS 192.502(9), which exempts from disclosure records that are confidential or privileged under Oregon law. Plaintiff appealed, and the Court of Appeals reversed and remanded. The court concluded that the records were not exempt under ORS 192.502(9), but remanded the case for the trial court to determine whether the records were exempt under another statute. *Colby v. Gunson,* 224 Or App 666, 199 P3d 350 (2008).

After he had successfully appealed, plaintiff sought attorney fees under ORS 192.490(3). That statute provides, in part:

> "If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, *the person shall be awarded* costs and disbursements and *reasonable attorney fees* at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof."

(Emphases added.) The Court of Appeals denied plaintiff's request, concluding that the meaning of "attorney fees," under the statute, is "the price demanded by an attorney for services rendered to a separate client entity." *Colby*, 229 Or App at 171. Because plaintiff had represented himself, the court determined that he was not entitled to receive attorney fees for his legal services.[1] Plaintiff filed a petition for review, which we allowed.

On review, plaintiff argues that the term "attorney fees," as used in ORS 192.490(3), means "the value of the services performed by [an] attorney." In plaintiff's view, although he did not represent a client separate from himself or send a bill for his services, he nevertheless performed services as an attorney and is entitled to recover the value of those services under the statute. Defendant disagrees and argues that each word—"attorney" and "fees"—has independent significance. In particular, defendant argues that the word "attorney" connotes an agency relationship, rather than a status. Thus, according to defendant, "attorney fees" must arise out of services rendered by one person in the course of representing another. Further, defendant argues, the legislature's use of the word "fees" requires that that separate client actually incur an obligation to pay for those services rendered.

For the reasons set out below, we agree with plaintiff that the term "attorney fees," as used in ORS 192.490(3), means the reasonable value of legal services provided by an

---

[1] The court allowed plaintiff's petition for costs, to abide the outcome on remand. *See* ORAP 13.05(4) (appellate court may allow costs to prevailing party and condition award on outcome of case).

attorney in seeking the disclosure of public records. Plaintiff is a practicing attorney who performed legal services in pursuit of disclosure of public records, and plaintiff is therefore entitled to recover from defendant the reasonable value of those services, despite the fact that he acted *pro se*.

Because the term "attorney fees" is not defined in the statute, we look to the plain and ordinary meaning of the term. *See State v. Tate*, 347 Or 318, 324, 220 P3d 1176 (2009) (court gives words of common usage their plain, ordinary meaning). In determining the plain meaning of "attorney fees," the Court of Appeals relied, in part, on the definition provided in *Black's Law Dictionary*: "The charge to a client for services performed for the client, such as an hourly fee, a flat fee, or a contingent fee." *Black's Law Dictionary* 148 (9th ed 2009). Admittedly, that definition implies some sort of obligation of one individual (the client) to pay another (the attorney). However, the definition in *Black's*—although appropriate in certain contexts—is not the only reasonable interpretation of the term. Instead, when used in the context of an attorney fee *award*, the ordinary meaning of the term also includes the reasonable value of an attorney's services, whether or not the client was required to pay for those services. *See* ORCP 68 A(1) (" 'Attorney fees' are the reasonable value of legal services related to the prosecution or defense of an action.");[2] *see also Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 455, 502 P2d 1378 (1972) ("For the purpose of determining what is a reasonable attorney fee in the appeal of a case to this court, * * * we must attempt to ascertain the reasonable value of such services[.]").

Indeed, we previously have held that a party may collect attorney fees regardless of whether the party incurred an obligation to pay for the legal services provided. In *Domingo v. Anderson*, 325 Or 385, 938 P2d 206 (1997), the plaintiffs brought an action challenging the notice of sale and the propriety of the sale of collateral that the defendant had sold after the plaintiffs defaulted on a loan agreement. The

---

[2] ORCP 68 A was not adopted until 1980, after the legislature had passed ORS 192.490. It therefore cannot be used, directly, to demonstrate the legislature's intent in using the phrase "attorney fees." However, we find it a useful demonstration that the term has more than one plain and ordinary meaning.

defendant prevailed on summary judgment and requested attorney fees pursuant to a contract. Under the contract, the plaintiffs had agreed to "pay all costs and expenses" of any action in which the defendant was required to appear, including "[the defendant's] attorney fees." *Id.* at 387. The defendant's attorney had been hired by the Professional Liability Fund, a lawyers' professional liability insurance fund, rather than by the defendant personally. The plaintiffs argued that, because the defendant had not personally paid the attorney for his services, the defendant could not collect attorney fees under the contract. This court disagreed, concluding that the contract, in requiring only that the plaintiffs pay the defendant's "attorney fees," did not contain any condition requiring that the defendant first be obligated to pay for the attorney's services.[3]

Similarly, ORS 192.490(3) provides—without limitation—that any "person" who prevails in a suit seeking the right to inspect or to receive a copy of a public record shall be awarded "reasonable attorney fees." There is no requirement that the prevailing party, or anyone else, be obligated to pay for the legal services rendered in the suit. Nor is there a requirement that the "person" who prevailed be a different person from the attorney whose services procured that favorable result. Instead, the term "attorney fees," as used in the context of attorney fee awards, means the reasonable value of services performed by an attorney, whether or not anyone incurs an obligation to pay for those services.

Defendant argues that, even if the term "attorney fees" does not require an obligation to pay for legal services, the legislature's use of the term "attorney" prevents an award of attorney fees to *pro se* litigants. Defendant argues that the plain and ordinary meaning of the term "attorney" is one who "provid[es] legal services or representation for an entity or

---

[3] Further, this court cited with approval numerous Court of Appeals cases in which that court had awarded attorney fees to attorneys who had represented parties free of charge. *Domingo*, 325 Or at 390 n 7. For example, in *State ex rel Binschus v. Schreiber*, 141 Or App 288, 294, 917 P2d 1063 (1996), the Court of Appeals upheld an award of statutory attorney fees to the mother in a custody proceeding, despite the fact that the mother had been represented by a legal aid attorney and therefore was not required to pay for her attorney's legal services.

person other than oneself." Thus, defendant argues, an attorney acting *pro se* is not an "attorney" for purposes of ORS 192.490(3).

Defendant relies in part on *Black's Law Dictionary*, which defines "attorney" as follows:

> "**1.** Strictly, one who is designated to transact business for another; a legal agent.—Also termed *attorney-in-fact*; *private attorney*. **2.** A person who practices law; LAWYER.— Also termed (in sense 2) *attorney-at-law*; *public attorney*."

*Id.* at 147. Defendant urges us to rely on the first definition, which focuses on the agency relationship between one who acts as an "attorney" for another. However, she points to no reason, and we can think of none, that the legislature would have intended to use the term attorney in that "strict" agency sense in the context of a statute authorizing the award of attorney fees. Instead, the legislature likely intended to use the term in its ordinary sense—"attorney" simply means an individual who practices law.[4]

Defendant also relies on ORS 9.310, which provides:

> "An attorney is a person authorized to represent a party in the written proceedings in any action, suit or proceeding, in any stage thereof. An attorney, other than the one who represents the party in the written proceedings, may also represent a party in court, or before a judicial officer, in which case the attorney is known as counsel, and the authority of the attorney is limited to the matters that transpire in the court or before such officer at the time."

Defendant argues that the first sentence of that statute defines the term "attorney" and indicates that, to be an attorney, one must have a separate client to represent.

---

[4] Defendant also relies on the definition of "attorney" contained in *Webster's*, which is similar to the first definition contained in *Black's*: "one who is legally appointed by another to transact business for him; *specif*: a legal agent qualified to act for suitors and defendants in legal proceedings." *Webster's Third New Int'l Dictionary* 141 (unabridged ed 2002). However, *Webster's* defines "lawyer" similarly to the second *Black's* definition: "a specialist in or a practitioner of law : one (as an attorney, counselor, solicitor, barrister, or advocate) whose profession is to conduct lawsuits for clients or to advise as to the prosecution or defense of lawsuits or as to legal rights and obligations in other matters." *Id.* at 1280.

We are not convinced that ORS 9.310 sheds any light on the ordinary meaning of the term "attorney"; instead, it defines the term for the limited purpose of describing the agency relationship between an attorney and his or her client in a given case. *See also* ORS 9.330 (describing authority of "attorney," as described in ORS 9.310, to act on behalf of a client). In contrast, ORS 9.005(1) defines "attorney" more generally as "a member of the bar." *See also* ORS 9.005(7) (defining "bar" as the Oregon State Bar). ORS 9.005 was adopted in 1975 and provides definitions for purposes of ORS 9.005 to 9.755, which generally describe the responsibilities of attorneys. That definition, because it applies in a broader context, is more akin to the ordinary definition of the term set out in *Black's*. It is also more useful than is ORS 9.310 in determining the plain and ordinary meaning of "attorney."

Plaintiff is an attorney, in the ordinary sense of the word. He graduated from law school, is a member of the Oregon State Bar, and is authorized to practice law in this state. Throughout the proceedings below, he was subject to the Oregon Rules of Professional Conduct, along with other statutory provisions that govern the conduct of attorneys. *See* ORS 9.527 (Supreme Court may discipline members of the bar for misconduct, including violation of the Rules of Professional Conduct); *see also In re Glass*, 308 Or 297, 301-02, 779 P2d 612 (1989) (attorney acting on his own behalf violated disciplinary rule prohibiting frivolous claims). Because plaintiff is an attorney and because he performed legal services in seeking disclosure of public records, he is entitled to collect attorney fees for those services. It is irrelevant that he performed those legal services on his own behalf.

The Court of Appeals expressed, in its opinion denying fees, a concern that permitting *pro se* attorneys to collect attorney fees for legal work conducted on their own behalf would raise the potential for abusive fee generation. *Colby*, 229 Or App at 172. Although not necessary to our decision here, we note that the legislature has addressed that concern by permitting attorney fees only to parties who "prevail[ ] in the suit" and by requiring that the attorney fee award be "reasonable." ORS 192.490(3). Further, the legislature has provided a list of factors that a court must consider in determining the amount of any attorney fee award, several of

which protect against the abusive fee generation potential that the Court of Appeals feared. *See* ORS 20.075(1), (2) (listing factors to be considered in determining amount of any attorney fee award).

We conclude that the Court of Appeals erred in its interpretation of ORS 192.490(3). Plaintiff, should he "prevail[ ] in [his] suit," ORS 192.490(3), will be entitled to attorney fees for the reasonable value of the legal services that he performed on his own behalf. We therefore remand to the Court of Appeals for further proceedings.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.