247 P.3d 763 (2011)
240 Or. App. 466
Mel STEWART, Petitioner,
v.
CITY OF SALEM, Respondent.
2009009; A146479.
Court of Appeals of Oregon.
Decided January 26, 2011.
Argued and Submitted October 27, 2010.
John W. Schonkwiler argued the cause for petitioner. On the brief were William F. Hoelscher and Hoelscher & Associates, P.C.
Sean T. Brady, Deputy City Attorney, argued the cause and filed the brief for respondent.
Before ORTEGA, Presiding Judge, and SERCOMBE, Judge, and LANDAU, Judge pro tempore.
SERCOMBE, J.
Petitioner seeks judicial review of a Land Use Board of Appeals ("LUBA" or "the board") order denying him an award of attorney fees after he obtained a favorable decision against the City of Salem on his underlying application to partition his property. Petitioner acted pro se at all relevant times during the proceedings before the board, although he received advice and assistance from an attorney, Hoelscher. Petitioner argues that he is entitled to attorney fees under ORS 197.835(10)(b), which requires the board to "award attorney fees" to a land use applicant where the board reverses a local government decision denying the application. We conclude that petitioner is entitled to attorney fees under ORS 197.835(10)(b) and, therefore, reverse the board's order.
Petitioner applied to the City of Salem to partition his residential property. The city denied the application, and petitioner appealed to LUBA. The board reversed the city's decision and ordered it to approve petitioner's partition application. We affirmed the board's determination on review, Stewart v. City of Salem, 231 Or.App. 356, 219 P.3d 46 (2009), rev. den., 348 Or. 415, 233 P.3d 818 (2010), and petitioner moved for attorney *764 fees incurred before us. We denied petitioner's motion.
Petitioner also moved the board for attorney fees pursuant to ORS 197.835(10)(b), arguing that he was entitled to the reasonable value of legal services rendered by Hoelscher during the proceedings before the board and the Court of Appeals. ORS 197.835(10)(b) provides that, "[i]f the board does reverse the decision and orders the local government to grant approval of the application, the board shall award attorney fees to the applicant and against the local government."
LUBA denied petitioner's request. In its order, the board reasoned that petitioner was not entitled to attorney fees "because [he] was not represented by an attorney before [the board]." As the board noted, "Petitioner represented himself, filed all his own pleadings, engaged in direct negotiations with the city's attorney, conducted oral argument, and performed all the activities that an attorney would have performed if petitioner had been represented by an attorney before [the board]."[1] But the board reasoned that, "[w]hile petitioner may have or had an attorney-client relationship with Hoelscher, that relationship did not include Hoelscher's representation of [petitioner] before [the board]." (Emphases in original.)
LUBA did not analyze ORS 197.835(10)(b) in its order denying attorney fees. Instead, it relied on its own "appearance rule," OAR XXX-XXX-XXXX(6), which provides, in part, that "[a]n individual shall either appear on his or her own behalf or be represented by an attorney." From that rule, the board inferred that
"a petitioner [to the board] may not at the same time appear both pro se and be represented by an attorney. Petitioner cites no authority * * * suggesting that a party representing themselves pro se before [the board] may recover attorney fees for legal assistance provided by an attorney to that party but who does not represent that party before [the board]."
In other words, LUBA concluded that, unless an attorney enters an appearance on behalf of a party, the attorney does not "represent" the party. Absent that "representation," the board maintained, the party cannot recover attorney fees. Thus, because Hoelscher did not appear before LUBA on behalf of petitioner, the board concluded that petitioner could not recover attorney fees.
On review, petitioner assigns error to the board's denial of attorney fees incurred during proceedings before the board; he argues that the plain meaning of "attorney fees" espoused by the Supreme Court in Colby v. Gunson, 349 Or. 1, 238 P.3d 374 (2010)a decision issued after the board's order in this caseapplies to the circumstances here.[2] The court in Colby held that "`attorney fees,' as used in the context of attorney fee awards, means the reasonable value of services performed by an attorney." 349 Or. at 6, 238 P.3d 374. Petitioner argues that that definition does not require full representationi.e., an appearance by an attorney on behalf of a party as an attorney of recordas a prerequisite to recovery of fees. Rather, petitioner contends that he is entitled to the reasonable value of legal services he received even though he appeared pro se before the board. The city responds that Colby is inapposite and "merely held that when an attorney of record represents himself that [he] is entitled to attorney fees" under the statute in that case. The city thus asserts that a party is entitled to attorney *765 fees under ORS 197.835(10)(b) only if an attorney appears before the board as an attorney of record and provides full representation in that proceeding. We conclude that the value of the services rendered to petitioner by Hoelscher fit within the plain meaning of "attorney fees" under ORS 197.835(10)(b). The board therefore erred in denying attorney fees to petitioner.
The term "attorney fees" is not defined in ORS 197.835(10)(b). When construing a statute, we give words their plain and ordinary meaning unless it is clear that the legislature intended a different meaning. Colby, 349 Or. at 5, 238 P.3d 374; Anderson v. Wheeler, 214 Or.App. 318, 322, 164 P.3d 1194 (2007). That plain meaning was construed by the Supreme Courtalbeit in the context of a different statutein Colby. See Colby, 349 Or. at 3-9, 238 P.3d 374.
In Colby, the plaintiff, an attorney, brought suit on his own behalf seeking disclosure of public records. After the trial court determined that the records were exempt from disclosure, the plaintiff successfully appealed the decision. He then sought attorney fees under ORS 192.490(3), which provides that, "[i]f a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal." We denied the petition for attorney fees on the ground that ORS 192.490(3) did not allow the award of attorney fees to a lawyer who represented himself. Colby v. Gunson, 229 Or.App. 167, 210 P.3d 917 (2009).
The Supreme Court reversed, holding that the term "attorney fees," as used in ORS 192.490(3), "means the reasonable value of legal services provided by an attorney in seeking the disclosure of public records." Colby, 349 Or. at 4-5, 238 P.3d 374. In its decision, the court rejected a more narrow conception of attorney fees advanced by the defendant:
"There is no requirement that the prevailing party, or anyone else, be obligated to pay for the legal services rendered in the suit. Nor is there a requirement that the `person' who prevailed be a different person from the attorney whose services procured that favorable result. Instead, the term `attorney fees,' as used in the context of attorney fee awards, means the reasonable value of services performed by an attorney, whether or not anyone incurs an obligation to pay for those services.
"* * * * *
"* * * [We can think of no reason] that the legislature would have intended to use the term attorney in [the] `strict' agency sense in the context of a statute authorizing the award of attorney fees. Instead, the legislature likely intended to use the term in its ordinary sense'attorney' simply means an individual who practices law.
"* * * * *
"* * * Because plaintiff is an attorney and because he performed legal services in seeking disclosure of public records, he is entitled to collect attorney fees for those services. It is irrelevant that he performed those legal services on his own behalf."
Id. at 6-8, 238 P.3d 374.
Unlike Colby, this is not a case where an attorney, acting pro se, seeks attorney fees. Nor is it a case where a pro se litigant, who is not an attorney, seeks to recover the economic value of the litigant's time spent on the matter. See Parquit Corp. v. Ross, 273 Or. 900, 902, 543 P.2d 1070 (1975) (explaining that a pro se litigant could not recover the loss incurred during the period of self-representation because the litigant could have earned compensation doing something else). Instead, we must determine whether a pro se litigant who receives legal services from an attorney that are related to the proceedings before the board is entitled to attorney fees under ORS 197.835(10)(b).
Nonetheless, Colby is instructive. As in that case, the statute here contains no text or context that would narrow the plain meaning of attorney fees, i.e., the reasonable value of legal services provided by an attorney that are related to the proceeding for which fees are allowed. There is nothing to suggest that the attorney providing services must formally representi.e., enter an appearance on behalf ofthe party before the board. The statute provides, without limitation, that, *766 where the board reverses a decision of the city and orders approval of a land use application, the board "shall award attorney fees to the applicant and against the local government." Thus, we see no reason why the plain meaning of attorney fees advanced by the court in Colby should not apply with equal force to the present case.
That plain meaning of "attorney fees" in ORS 197.835(10)(b) is corroborated by the context of ORCP 68 A(1). That rule defines attorney fees, for purposes of the allowance and taxation of fees in civil cases, as "the reasonable value of legal services related to the prosecution or defense of an action." ORCP 68 A(1) was adopted in 1980, five years before the adoption of ORS 197.835(10)(b), Or. Laws 1985, ch. 811, § 15, and provides context as to the intended meaning of that statute. The only ostensible difference between the definition of "attorney fees" in the rule and the definition propounded in Colby is the additional text that the legal services must be "related to the prosecution or defense of an action." However, the court in Colby also suggested that attorney fees be "related to the prosecution or defense of an action." See 349 Or. at 4-5, 238 P.3d 374 ("`[A]ttorney fees,' as used in ORS 192.490(3), means the reasonable value of legal services provided by an attorney in seeking the disclosure of public records." (Emphasis added.)); id. at 8, 238 P.3d 374 ("Because plaintiff is an attorney and because he performed legal services in seeking disclosure of public records, he is entitled to collect attorney fees for those services." (Emphasis added.)). That limitation is also implied by the statute itself: Because the award of attorney fees is contingent upon the success of an appeal to LUBA, it would make no sense if the board could award attorney fees unrelated to that appeal. See ORS 197.835(10)(b) ("If the board does reverse the decision and orders the local government to grant approval of the application, the board shall award attorney fees to the applicant and against the local government." (Emphasis added.)). Thus, an award of attorney fees under ORS 197.835(10)(b) must necessarily relate to the prosecution of an appeal before the board.
But there is nothing in the text or context of the statute that suggests any further qualification of the meaning of "attorney fees" or that those services must also include an appearance before the board. It may be that, without an appearance by the attorney, it will be more difficult for a successful petitioner to prove that the attorney's services are directly related to the prosecution of the appeal before the boardparticularly if the attorney's involvement is unknown to the board. It also may be more difficult for the board to assess the reasonable value of the services. Nonetheless, a party is not categorically excluded from recovering fees merely because his or her attorney does not enter an appearance before the board.
In light of the foregoing, "attorney fees," under ORS 197.835(10)(b), means the reasonable value of legal services provided by an attorney that are related to the applicant's appeal of a local government decision to LUBA. As noted, there is no dispute that the advice and assistance provided by Hoelscher during petitioner's appeal to the board were "legal services" and that at least part of those services were related to the prosecution of the appeal to the board. Nor is there any dispute that Hoelscher is an "attorney"he is a member of the Bar authorized to practice law in this state. That Hoelscher did not provide full representationi.e., did not also appear before the board on behalf of petitioner as an attorney of recordis of no consequence for purposes of the attorney fee provision. Because Hoelscher is an attorney who performed legal services for petitioner in his appeal of the city's denial of his development application, and because petitioner was successful in that appeal, petitioner is entitled to collect the reasonable value of the services provided by Hoelscher. The board erred in concluding otherwise. Accordingly, we remand to the board to determine the amount of attorney fees to be awarded.
Reversed and remanded.
NOTES
[1] All filings with the board identified petitioner as a "pro se" litigant and were signed by him, although his petition for review before the board was additionally signed by attorney Hoelscher under the notation, "[W]ith the advice and assistance of." Hoelscher also signed petitioner's motions for costs and attorney fees. The city conceded at oral argument that petitioner had received "attorney services" from Hoelscher in connection with petitioner's appeal to the board. Those services included advice, legal research, and editorial assistance in the preparation of petitioner's filings.
[2] Petitioner also assigns as error the board's denial of attorney fees incurred on judicial review. Petitioner points to no authority that would enable the board to award attorney fees incurred before the Court of Appeals. Moreover, given our previous disposition of that matter, petitioner is foreclosed from raising that issue again on review. Thus, we reject that assignment of error without further discussion.