844 P.2d 822

**CITY OF ALBUQUERQUE, a municipal corporation, Petitioner–Appellee,**

v.

**Vergia BROOKS, Respondent–Appellant.**

**No. 20288.**

Supreme Court of New Mexico.

Dec. 28, 1992.

John Schoeppner, Albuquerque, for appellant.

David S. Campbell, City Atty., Susan M. Biernacki, Asst. City Atty., Albuquerque, for appellee.

## OPINION

RANSOM, Chief Justice.

This case arose under the New Mexico Uniform Owner–Resident Relations Act, NMSA 1978, Sections 47–8–1 to –51 (Repl.Pamp.1982 & Supp.1992). It involves a twenty-year tenant of a public housing unit. The metropolitan court granted a request by the City of Albuquerque for a money judgment in the amount of $2,305.05, plus costs, and for a writ of restitution (ordering the premises be vacated within thirty days of the hearing held April 1, 1991). The evidence showed that Vergia Brooks, the tenant, failed to report that she and a member of her household earned certain income from which a monthly rent should have been paid, and that she was also responsible for repairs and maintenance completed by the City at a cost of $134.05.

Judgment was filed on April 25, 1991, and the writ was issued May 1. At a rehearing later in the day on May 1, the court ruled, apparently from the bench, that the writ would be set aside. On May 7 the court entered an order that set aside both the writ and the "Order issued by this Court on April 1, 1991." The referenced order of April 1 was in fact the judgment of April 25 (following the hearing of April 1). On May 7, the court further ordered the tenant to pay back rent based on a schedule established by the court. The City appealed that decision to the district court, which held that the metropolitan court erred in ordering a payment schedule to which both parties did not agree, and that when a money judgment for back rent is rendered, a writ of restitution also must issue. Brooks has appealed that decision to this Court. At oral argument, the parties stipulated that the back rent and amount due for repairs have been paid in full, making this appeal moot. However, because the question here presented is of public interest and importance, and because the City of Albuquerque has asked for guidance in the resolution of the issue since it is likely to recur, we will use our inherent discretion to address the issue on the merits. *See City of Albuquerque v. Campos,* 86 N.M. 488, 491, 525 P.2d 848, 851 (1974); *Klumker v. Van Allred,* 112 N.M. 42, 43 n. 1, 811 P.2d 75, 76 n. 1 (1991). Accordingly, while we dismiss this appeal, we nevertheless render this opinion to clarify the law on an important issue.

*Metropolitan court order was not final.* First, we note the district court may not have had jurisdiction to hear the appeal because the May 7 order from which appeal

was taken apparently was not a final order. It contemplates further action by the court. Dismissal of the cause of action for the writ of restitution was contemplated if conditions were met. If the conditions were not met, the court was to issue the writ of restitution without need of another hearing. It is clear that the metropolitan court intended to maintain jurisdiction over the parties and that it was not through with the case. *See Riblet Tramway Co. v. Monte Verde Corp.*, 453 F.2d 313, 319 (10th Cir.1972) (court with equitable powers may enter interlocutory order allowing debtor time to bring obligation current).

*Equity jurisdiction to enter interlocutory order.* Under the Act, the metropolitan court has both equitable and legal jurisdiction. *See* Section 47–8–45. Further, because this case involves a public housing tenancy, federal regulations impose a "good cause" requirement upon local authorities before termination of a tenancy. 24 C.F.R. § 966.4(*l*)(1)–(2) (1992); *see* Robert S. Schoshinski, *American Law of Landlord and Tenant* §§ 13:1 to :4 (1980 & Supp.1992) (interest in remaining in public housing is constitutionally protected). "A tenant in reality has a life tenancy determinable at his choosing, or if he exceeds the income limitations of the program, or by the authority for good cause." *Id.* § 13:4, at 756. Automatic eviction cannot be authorized under summary proceedings based upon proof that rent is in arrears.[1] *See id.* (procedural due process entitles aggrieved tenant to notice and hearing to contest grounds for eviction).

■ In cases involving public housing, it is an equitable defense to an action for eviction for failure to pay back rents that a tenant is indigent and unable to pay the back rent. *See Maxton Hous. Auth. v. McLean*, 313 N.C. 277, 328 S.E.2d 290

(1985) (tenant in public housing rebutted presumption that nonpayment of rent was good cause for terminating her tenancy by proving that she lacked funds or source of income to pay the rent due); *accord Housing Auth. v. Austin*, 478 So.2d 1012 (La.Ct. App.1985) (citing *Maxton*); *Cincinnati Metro. Hous. Auth. v. Green*, 41 Ohio App.3d 365, 536 N.E.2d 1 (1987) (tenant allowed affirmative defense that nonpayment of rent was due to circumstances beyond her control).

■ "The application of ... equitable defenses rests in the sound discretion of the trial court. Absent a clear abuse of discretion, the trial court's exercise thereof will not be disturbed on appeal." *Wolf & Klar Cos. v. Garner*, 101 N.M. 116, 118, 679 P.2d 258, 260 (1984) (citation omitted). The metropolitan court could determine that, although the back rents were due and payable, the tenant should be given an adequate amount of time based on her income to pay the rent before the City could go forward with its request for a writ of restitution based on failure to pay back rents. We do not consider the issue of whether the interlocutory order was appealable, as neither party raised the issue, but the metropolitan court apparently still has jurisdiction over this case.

■ *Continuing jurisdiction over final judgment.* The judgment entered on April 25 was a final judgment. The City argues that Brooks could obtain relief from the writ issued on May 1 only under SCRA 1986, 3–704(B) (Repl.Pamp.1990), which limits relief to (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud, misrepresentation or other misconduct; (3) a void judgment; or (4) satisfaction, release

---

1. As a word of caution, it appears in this case that the "proof" presented to the metropolitan court that Vergia Brooks indeed owed money for back rents was a "Payment Agreement" signed by Brooks admitting that she owed the money. The Agreement contained the following clause: "It is the Policy of the Housing Authority not to provide Rental Assistance nor Public Housing to a family who has an indebtedness to this Housing Authority until either the balance is paid in full or a Payment Agreement has been executed." Proof of good cause for termination for back rents due, under regulations promulgated by the Department of Housing and Urban Development, requires a full evidentiary hearing by the court and a decision on the merits. *See* 24 C.F.R. § 966.53(c) (1992). We question whether the payment agreement alone would meet the evidentiary requirement for due process.

or discharge of the judgment or the reversal or vacation of a prior judgment upon which it is based. However, NMSA 1978, Section 34–8A–6(E) (Repl.Pamp.1990), states that "All judgments rendered in civil actions in the metropolitan court shall be subject to the same provisions of law as those rendered in district court." Under NMSA 1978, Section 39–1–1 (Repl.Pamp.1991), final judgments and decrees entered by the district courts remain under the control of such courts for thirty days after entry thereof. Therefore, the metropolitan court retained control of its judgment and had the right to set it aside after granting a rehearing on the matter. *See, e.g., Nichols v. Nichols*, 98 N.M. 322, 326, 648 P.2d 780, 784 (1982) (district court is authorized under Section 39–1–1 to change, modify, correct or vacate a judgment on its own motion) (citing *Desjardin v. Albuquerque Nat'l Bank*, 93 N.M. 89, 596 P.2d 858 (1979)).

■ *Restitution not mandatory.* On the merits, the issue argued by the parties is whether the Act requires restitution if the court finds that the tenant is in default on rent. Section 47–8–46, relied upon by the district court, states:

> [I]f judgment be rendered against defendant for the restitution of the premises, the court shall declare the forfeiture of the rental agreement and shall, at the request of the plaintiff or his attorney, issue a writ of restitution directing the sheriff to restore possession of the premises to the plaintiff on a specified date not more than seven days after entry of judgment.

The clear language of the statute, coupled with the fact that other causes of action relating to the residency may be contained in the petition, requires that we interpret Section 47–8–46 to mean nothing more than if judgment *for restitution* is rendered, the court must terminate the rental agreement and issue a writ of restitution. The statute does not, as the City argues, require that a court issue a writ of restitution if it renders a money judgment against a tenant based on causes of action such as back rent.

■ The City further relies on Section 47–8–33(B) (if rent is unpaid when due and the resident fails to pay rent within three days after written notice from the owner, the owner may "terminate the rental agreement and the resident shall immediately deliver possession of the dwelling unit") and Section 47–8–35 (if the rental agreement is terminated "the owner is entitled to possession"). The City argues that Brooks failed to make the payments due following an earlier order of metropolitan court in the fall of 1990 and that the City gave subsequent notice of lease termination, thereby entitling the City to possession: "It is absurd to contemplate that in those cases where a judgment is issued for past due rent and the landlord requests a Writ of Restitution, a tenant is still entitled to possession."

To the contrary, we do not deem it absurd that the restitution provisions of Sections 47–8–33(B) and –35 should be deemed subject to equitable considerations. Section 47–8–40(A)(2) does provide that the owner may bring an action for possession when the resident is in default on rent; and, under Section 47–8–42, the petition for restitution may contain other claims for relief, including an action for damages for breach of the rental agreement, or for back rent. However, the outcome is not preordained. In response, the tenant may assert any legal or equitable defense. Section 47–8–45. Accordingly, we hold that a court may find that a qualified indigent tenant of public housing need not be evicted solely because adjudged liable for back rent. Equitable principles may be applied to prevent eviction. *See, e.g., Navajo Academy, Inc. v. Navajo United Methodist Mission Sch., Inc.*, 109 N.M. 324, 785 P.2d 235 (1990) (it was not an abuse of discretion to enter order which had the effect of terminating a tenancy but which allowed the tenant to remain in possession of the property for three years after termination); *Hilburn v. Brodhead*, 79 N.M. 460, 464, 444 P.2d 971, 975 (1968) (court of equity has power to

meet the problem presented and to fashion a proper remedy to accomplish a just and proper result).

It appearing that the metropolitan court has retained jurisdiction, that it proceeded properly in exercise of its equitable powers, and that payment and acceptance of the monies as conditioned by the court have made this case moot, this appeal is dismissed.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.