IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LAWRENCE FERNANDEZ,**

Plaintiff-Appellee,

v.                                                                                    NO. 28,935

**CHERVELL COUNCIL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Lawrence Fernandez
Albuquerque, NM

Pro Se Appellee

Chervell Council
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals her eviction for failure to pay rent. In our notice, we proposed to affirm. Defendant has timely responded. We have considered her arguments and, not being persuaded, we affirm.

Defendant contends that it was error to permit an eviction for nonpayment of rent where there was a pattern of Plaintiff accepting partial payment when Defendant was experiencing financial difficulties. Defendant contends that Plaintiff's actions constituted a waiver under the Uniform Residential Landlord Tenant Act (URLTA). In our notice of proposed summary disposition, we proposed to hold that the evidence did not establish that Plaintiff had waived his right to terminate the rental agreement. Defendant's response to our notice argues that we did not apply the correct definition of "waiver." [MIO 1] She argues that we must apply the definition from the URLTA.

We point out that the URLTA is a model code and the section referred to by Defendant was not adopted in New Mexico. There is nothing in the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007), that defines a waiver of the landlord's right to terminate the rental agreement. Instead, the UORRA provides that equitable considerations are available. Section 47-8-45; *see also City of Albuquerque v. Brooks*, 114 N.M. 572, 574-75, 844 P.2d 822, 824-25 (1992) (discussing the availability of equitable defenses to eviction). The record supports the district court's decision that Plaintiff's prior forbearance did not, in equity, prevent him from requiring full payment in this instance, and we are thus unpersuaded by Defendant's waiver argument.

Defendant also argues that she did not receive "appropriate notice" of intent to

evict. We are not entirely clear what Defendant is arguing, but in our notice of proposed disposition, we pointed to the requirements of the statute and proposed to hold that the notice given here complied with the statute and was therefore "appropriate." Defendant responds that her issue was clear that the notice here was not "appropriate" to the circumstances. She argues that because the term "appropriate" is not defined in the statute, the dictionary definition should govern and that materials other than the statute should be considered.

Even assuming that "appropriate" is defined as fitting the needs of the circumstances [MIO 3], we believe that the statute has defined those means fitting the needs of the circumstances—those circumstances being the nonpayment of rent. *See* § 47-8-2 (setting forth the purpose of the UORRA to simplify and clarify the law governing rental of dwellings); § 47-8-33(D) (allowing landlord to terminate the rental agreement if tenant does not pay rent within three days after written notice); *T.W.I.W., Inc. v. Rhudy*, 96 N.M. 354, 357, 630 P.2d 753, 756 (1981) (noting that the UORRA is remedial and in derogation of the common law). The statute provides what is appropriate notice. In this case, notice was given pursuant to the statute. Thus, Defendant received appropriate notice.

We are unconvinced that Defendant should have been allowed four months' notice as appropriate here so as to allow her to pay the rent in full. Defendant appears

3

to be conflating waiver with the notice requirements. She appears to be arguing that because Plaintiff had previously allowed her time to meet her rent obligations, the notice of nonpayment here should have also allowed her time to meet her rent obligations. The two are not the same.

Finally, Defendant continues to argue that Plaintiff violated the law by refusing to provide her with a recent three-day notice so as to allow her to receive rental assistance from a third party. Defendant appears to be arguing that a three-day notice is a required document and, thus, it was unlawful for the Plaintiff to deny her one. However, Plaintiff had already provided the three-day notice to Defendant. He was not obligated to keep providing one to accommodate Defendant's attempts to obtain funding from a third party.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

4

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**