**Certiorari Denied, December 6, 2013, No. 34,403**

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2014-NMCA-005**

**Filing Date: October 2, 2013**

**Docket No. 31,268 Consolidated with
31,337 and 31,398**

**STAR VARGA,**

       **Plaintiff-Appellant/Cross-Appellee,**

**v.**

**MARK FERRELL, GRETCHEN
CAMPBELL, DESERT LAKES
REALTY, LLC, and DOES
4 THROUGH 20, INCLUSIVE,**

       **Defendants-Appellees/Cross-Appellants,**

**and**

**SUSAN LOWE,**

       **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY
Kevin R. Sweazea, District Judge**

Lee Deschamps
Socorro, NM

Susan Lea
Elephant Butte, NM

for Appellant/Cross-Appellee

Law Offices of Stephen E. Hosford, P.C.
Arrey, NM

1

for Mark Ferrell and Susan Lowe

Sutin, Thayer & Browne
Susan M. Hapka
Albuquerque, NM

for Appellees/Cross-Appellants
Gretchen Campbell and Desert Lakes Realty, LLC

**OPINION**

**FRY, Judge.**

**{1}**     This case arises from the purchase of a home in Elephant Butte, New Mexico.  The purchaser discovered construction defects after she took possession and as a consequence, she sued the seller, the seller's broker, and her own brokers.  The district court granted the purchaser's brokers summary judgment, but refused to award the brokers their attorney fees, as required by the purchase agreement, because their defense had been provided by their insurer.  We conclude that the district court erroneously failed to enforce the attorney fees provision of the purchase agreement and reverse.

**BACKGROUND**

**{2}**     Star Varga purchased a home owned by Defendant Mark Ferrell in Elephant Butte, New Mexico.  Defendants Gretchen Campbell and Desert Lakes Realty, LLC (collectively, Campbell/DLR) worked with Varga and her mother, Susan Lea, as their buyers' brokers.  After the sale, Varga discovered defects in the home that had not been disclosed prior to the sale, so she sued Ferrell, Ferrell's broker (Defendant Susan Lowe), and Campbell/DLR for, among other things, their failure to disclose their alleged knowledge of the defects.

**{3}**     The district court granted Campbell/DLR summary judgment on all of Varga's claims against them, and Campbell/DLR filed a motion for attorney fees in accordance with the purchase agreement, which provided:

> Should any aspect of this [a]greement result in dispute, litigation, or settlement, the prevailing party of such action including Broker shall be entitled to an award of reasonable attorney[] fees and court costs.

The agreement defined "broker" as including "listing and cooperating brokers and salespersons."  Campbell/DLR were designated as the selling brokers in the agreement.

**{4}**     Following a hearing on Campbell/DLR's motion, the district court stated that the purchase agreement was intended to benefit and protect all of the "real estate people" involved in the transaction and the companies they worked for.  The court stated that it

would award attorney fees to Campbell/DLR as the prevailing party, and that it would determine the amount of the award after Campbell/DLR filed their attorney's billing statements and after an additional hearing on the matter.

**{5}** Campbell/DLR filed the billing statements totaling $71,196.41. At a subsequent hearing, the district court asked if an insurance company was providing Campbell/DLR's defense so that Campbell/DLR did not have to pay attorney fees. Campbell/DLR's counsel responded that under New Mexico law, real estate brokers are required to have insurance, and that Campbell/DLR's insurer had indeed provided their defense. However, counsel argued that Campbell/DLR would not be allowed to keep any fees awarded because those fees would go to their insurer. Counsel also cited an Oregon case for the proposition that a contract provision allowing an attorney fee award to the prevailing party is not impacted by the fact that the prevailing party's fees were paid by someone else.

**{6}** The district court stated that it was not going to award attorney fees to the insurance company for providing a defense it was contractually obligated to provide. The court stated that it would have entertained an award of fees if Campbell/DLR had to pay their attorneys out of their own pockets. This appeal followed.[1]

## DISCUSSION

### Standard of Review

**{7}** While a district court has broad discretion when deciding whether to award attorney fees, "that discretion is limited by any applicable contract provision." *Fort Knox Self Storage, Inc. v. W. Technologies, Inc.*, 2006-NMCA-096, ¶ 29, 140 N.M. 233, 142 P.3d 1. And "[w]hen a contract provides that the prevailing party in the litigation shall be awarded reasonable attorney fees and costs, a trial court may abuse its discretion if it fails to award attorney fees." *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 21, 135 N.M. 607, 92 P.3d 53. The meaning of a contract provision is an issue of law that we review de novo. *Id.*

### The District Court Erroneously Failed to Enforce the Attorney Fees Provision of the Purchase Agreement

**{8}** We conclude that the purchase agreement required the district court to award reasonable attorney fees to Campbell/DLR as the prevailing parties. The district court correctly interpreted the agreement's fee provision as being applicable to Campbell/DLR as the selling brokers and the intended beneficiaries of the agreement. The fee provision specifically stated that it applied to brokers, the purchase agreement defined "broker" as

---

[1]Varga and Ferrell also filed appeals from the district court's judgment, which we have addressed in a memorandum opinion filed concurrently with this Opinion.

including cooperating brokers, and Campbell/DLR were identified in the agreement as selling brokers. The district court also properly determined that Campbell/DLR were the prevailing parties in the dispute with Varga. *See Cent. Sec. & Alarm Co. v. Mehler*, 1998-NMCA-096, ¶ 23, 125 N.M. 438, 963 P.2d 515 (explaining that "[w]hen judgment is in favor of a defendant who has moved for summary judgment, the defendant is a prevailing party"). The problem is that the district court then decided to disregard its correct interpretation of the fee provision in the purchase agreement because Campbell/DLR's insurer had provided their defense such that Campbell/DLR did not have to pay their attorneys out of their own pockets.

**{9}** There is nothing in the purchase agreement that provides an exception to the fee provision when fees are paid by a third party. The court's duty under these circumstances was to "interpret[] the contract that the parties made for themselves, and absent any ambiguity, the court may not alter or fabricate a new agreement for the parties." *Hedicke v. Gunville*, 2003-NMCA-032, ¶ 24, 133 N.M. 335, 62 P.3d 1217 (internal quotation marks and citation omitted). Here, the district court altered the parties' agreement by reading into it an exception for insurer-paid attorney fees.

**{10}** We find persuasive the Oregon case relied on by Campbell/DLR, *Domingo v. Anderson*, 938 P.2d 206 (Or. 1997). In that case, the grantors gave a trust deed to the defendant, an attorney, to secure payment of a debt, and the grantors then defaulted. *Id.* at 206 n.1. After the property was sold at a trustee's sale, the grantors sued the defendant and challenged the sale. *Id.* The trial court granted the defendant's motion for summary judgment, and the defendant sought an award of attorney fees in accordance with a provision in the trust deed. *Id.* at 206-07. The defendant's attorney had been retained by an attorneys' liability fund. *Id.* at 207 n.3. The trial court awarded the defendant his attorney fees consistent with the deed's provision, the court of appeals reversed, and the supreme court reversed the court of appeals. *Id.* at 207-08.

**{11}** The grantors' argument in support of the court of appeals' decision was that the defendant "[was] not entitled to an award of attorney fees because a third party paid for his lawyer in this case." *Id.* at 207. This is the same basis on which the district court in the present case denied Campbell/DLR's request for attorney fees. The Oregon Supreme Court in *Domingo* disagreed, stating that the contractual provision requiring the deed's grantor to pay the defendant's attorney fees "do[es] not contain any condition or qualification rendering [it] inapplicable if a third person, rather than one of the parties to the litigation, pays the lawyer's fees." *Id.* Therefore, the trial court's decision awarding the defendant his attorney fees "was correct under the contract." *Id.* at 208.

**{12}** Like the court in *Domingo*, we conclude that the purchase agreement required the district court to award attorney fees to Campbell/DLR as the prevailing parties in the dispute with Varga. Consistent with our courts' longstanding policy favoring enforcement of contracts as written, "[a] court should . . . not interfere with the bargain reached by the parties unless the court concludes that the policy favoring freedom of contract ought to give

4

way to one of the well-defined equitable exceptions, such as unconscionability, mistake, fraud, or illegality." *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 31, 123 N.M. 526, 943 P.2d 560. Neither Varga nor the district court made any suggestion that the purchase agreement's attorney fees provision was equitably unenforceable. Thus, on remand, the only task for the district court is to determine, within its discretion, a reasonable amount to award Campbell/DLR for their attorney fees.

**Varga's Arguments in Favor of Affirmance on Other Grounds**

**{13}** While we hold that the district court properly interpreted the purchase agreement and then improperly failed to enforce it, we may affirm the court's decision on a ground that was not relied on below if reliance on the new ground would not be unfair to the appellant. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154. Varga makes a number of arguments in support of affirmance, none of which are persuasive.

**{14}** Varga argues that the purchase agreement contemplates that the only broker who might be entitled to recover attorney fees is one who is sued for breach of the agreement and who prevails in that litigation. Varga does not explain how the language in the agreement supports her argument, and we see nothing in the attorney fees provision supporting her view. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). To the contrary, because the parties to the agreement were the buyer and the seller, we fail to see how a broker could be sued for breach of the agreement. But, in any event, a broker is expressly mentioned in the agreement as a potential prevailing party entitled to attorney fees.

**{15}** Along the same lines, Varga appears to contend that only parties who are sued for breach of the agreement are entitled to an award of attorney fees if they prevail; thus, she maintains that Campbell/DLR may not recover fees because they were not sued for breach of the purchase agreement. This argument is contrary to New Mexico law, which holds that negligence claims are claims "in connection" with an agreement requiring an award of attorney fees to the prevailing party in the event of litigation brought "in connection" with the parties' agreement. *Fort Knox*, 2006-NMCA-096, ¶¶ 28, 32. Here, Varga's negligence and fraud claims against Campbell/DLR were "aspects" of the purchase agreement that resulted in litigation, as contemplated by the attorney fees provision.

**{16}** Varga next makes seven arguments consisting solely of her allegation that Campbell/DLR have failed to provide New Mexico legal authority supporting various aspects of their arguments on appeal. Varga does not herself make any substantive arguments on these issues, nor does she cite any relevant authority suggesting that our interpretation of the attorney fees provision is wrong. We therefore decline to consider her contentions. *See Headley*, 2005-NMCA-045, ¶ 15 (explaining that this Court has no duty to review an argument that is not adequately developed).

**CONCLUSION**

**{17}**    For the foregoing reasons, we reverse the district court's order denying an award of attorney fees to Campbell/DLR.  On remand, the district court shall award Campbell/DLR attorney fees in an amount it deems reasonable.

**{18}    IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for _Varga v. Ferrell_, Nos. 31,268/31,337/31,398**

**APPEAL AND ERROR**
Standard of Review

**INSURANCE**
Attorney Fees

**PROPERTY**
Attorney Fees
Brokers and Agents
Purchase Agreement

**NEGLIGENCE**
Real Estate Broker's Liability