This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40107

**CHRISTOPHER ROMERO,**

Plaintiff-Appellee,

and

**LAWRENCE BOYD,**

Third-Party Plaintiff,

v.

**REBECCA BOYD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Herdman MacGillivray Fullerton Cameron
Pumarejo Honeycutt PC
David J. Pumarejo
Frank T. Herdman
Santa Fe, NM

for Appellee

Robert Richards
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Appellee Christopher Romero filed a complaint (the Complaint) against Appellant Rebecca Boyd based on her default on payments required by the terms of a real estate contract (the Contract) by which Appellant agreed to purchase property in Santa Fe (the Property) from Appellee. At Appellee's request, the district court dismissed the Complaint without prejudice, on mootness grounds, when Appellant cured the default. On June 21, 2021, the district court issued an order in which it found Appellee to be the prevailing party and entitled to an award of attorney fees and costs as set forth in the Contract. In this order the district court also permitted Appellee to file a notice of lis pendens against the Property. Months later, on October 26, 2021, the district court awarded Appellee attorney fees and costs through June 15, 2021. Appellant appeals. For the reasons explained below, we affirm.

**{2}** On appeal, Appellant raises myriad issues related and unrelated to those we perceive to be properly presented for appellate review. Appellant's brief in chief is lengthy, confusing, and at times disconnected from a specific point of appeal.[1] This Court does not review moot issues or unclear arguments. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 ("As a general rule, appellate courts should not decide moot cases."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court will not consider unclear or undeveloped arguments). Following review of Appellant's briefs and the record on

---

[1]In Appellant's brief in chief, Appellant lists twelve separate headings with eighteen subheadings referencing what we perceive to be the issues she raises on appeal. Yet, in the introduction section of Appellant's brief in chief, we discern Appellant to raise two issues: (1) the district court erred by determining that Appellee was the prevailing party in the litigation and awarding him attorney fees and costs based on that determination; and (2) the district court erred by denying Appellant's request that twelve payments made by Appellant's husband's nephew prior to the execution of the Contract by the parties be counted as payments to the balance due Appellee. Similarly, in Appellant's reply brief, she lists eight headings and three subheadings we perceive are meant to be the issues she advances on appeal. However, throughout the reply brief Appellant seems to be centering her arguments on the district court's determination that Appellee was the prevailing party and awarding him attorney fees. For example, in the introduction section, Appellant states: "The most important basis for reversing the district court's decision that [Appellee] . . . is the prevailing party and entitled to attorney fees and costs is because [Appellant], . . . [Appellee], and the district court have all agreed there was never, ever, any uncured default, the essential requirement for foreclosing or terminating the . . . Contract." As well, in Section I of the reply brief, Appellant states that "[t]he award of attorney fees to [Appellee] is an abuse of discretion." Yet again at page 18 of the reply brief, Appellant states, "The district court abused its discretion in awarding attorney fees by finding [Appellee] was the prevailing party." Significantly, for our discussion here, despite Appellant listing and discussing the several issues listed in the table of contents in her reply brief, Appellant does not mention nor discuss the issues raised in her brief in chief regarding the payments made by her husband's nephew to Appellee prior to the execution of the Contract and for which she sought credit towards the purchase price or refund and regarding the wrongful filing of the notice of lis pendens. Consequently, we will only proceed to review the issue of the district court's determination of the prevailing party and award of attorney fees and costs to Appellee. The issue related to payments made by Appellant's husband's nephew to Appellee has been abandoned and we do not consider it further. *See City of Santa Fe v. Komis*, 1992-NMSC-051, ¶ 22, 114 N.M. 659, 845 P.2d 753 ("Issues not briefed will not be reviewed by this Court."); *see, e.g.*, *State v. Ramirez*, 33,388, mem. op. ¶¶ 12-13 (N.M. Ct. App. Oct. 9, 2014) (nonprecedential); *cf. Magnolia Mountain Ltd., P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 34, 139 N.M. 288, 131 P.3d 675 (stating that issues included in the answer brief and responded to in the reply brief may not be abandoned). Although likewise abandoned, we will address the propriety of the notice of lis pendens because it is part of the attorney fee order.

appeal, we conclude all but two issues raised by Appellant are moot, undeveloped or otherwise not reviewable. Thus, we focus our attention herein on those two issues and will not further address the balance of issues referenced by Appellant. The issues we perceive to be properly before this Court for review are: (1) whether the district court erred in determining that Appellee was the prevailing party in the underlying litigation and entitled to an award of attorney fees and costs; and (2) whether the district court erred by permitting Appellee to file a notice of lis pendens against the Property.

**DISCUSSION**[2]

**I.     Mootness**

{3}     Before resolving the issues we believe Appellant's appeal to be about, we begin by addressing Appellee's contention that many of the issues advanced by Appellant in this appeal are moot. We agree and explain.

{4}     As noted above, "[a]s a general rule, appellate courts should not decide moot cases." *Sergio B.*, 2002-NMCA-070, ¶ 9. "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *Id.* "The doctrine of mootness is a limitation upon jurisdiction or decrees in cases where no actual controversy exists." *Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 (alteration, internal quotation marks, and citation omitted). "[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. "We review jurisdictional issues de novo." *State v. Favela*, 2013-NMCA-102, ¶ 6, 311 P.3d 1213, *aff'd*, 2015-NMSC-005, ¶ 7, 343 P.3d 178.

{5}     In this case, during the course of the litigation in the district court, Appellant "paid to [Appellee] the outstanding monthly payments due to [Appellee] under the . . . Contract by and between [Appellant] and [Appellee]." *See City of Albuquerque v. Brooks*, 1992-NMSC-069, ¶ 11, 114 N.M. 572, 844 P.2d 822 ("[P]ayment and acceptance of the monies . . . have made this case moot."). Appellant, in so doing, cured the default that gave rise to this litigation. In its "Order on [Appellants'] Motion to Dismiss," the district court concluded that "[b]y curing the payment default the Complaint is moot." As a result and at Appellee's request, the district court ordered the Complaint dismissed without prejudice. Subsequently, Appellant paid the full purchase price for the Property, then sold the Property to a third party.

{6}     Thus, because Appellant paid the outstanding monthly payments that served as the basis for the default of the Contract as well as the catalyst for the filing of the Complaint, and because Appellant has paid the full purchase price for the Property under the Contract, there remains no actual controversy regarding the issues related to

---

2Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

Appellant's default under the Contract for nonpayment of monthly payments that Appellant advances in this appeal. *See id.*

**{7}** Consequently, we conclude that all but the two issues we have identified as properly raised by Appellant in this appeal are moot. As stated, those are: (1) whether the district court abused its discretion when it declared Appellee the prevailing party and awarded him attorney fees and costs; and (2) whether the district court erroneously permitted Appellee to file a notice of lis pendens. We turn to consider those issues.

## II. The District Court Did Not Abuse Its Discretion in Declaring Appellee the Prevailing Party and Awarding Him Attorney Fees and Costs

**{8}** To the extent that we understand Appellant's challenge related to the district court's award of attorney fees and costs to Appellee,[3] we discern Appellant's contention to be that the district court abused its discretion when it declared Appellee the prevailing party, thus rendering its attorney fees and costs award improper. "The [district] court has broad discretion when awarding attorney fees and will not be reversed unless there is an abuse of discretion." *Hedicke v. Gunville*, 2003-NMCA-032, ¶ 23, 133 N.M. 335, 62 P.3d 1217. "While a district court has broad discretion when deciding whether to award attorney fees, that discretion is limited by any applicable contract provision." *Varga v. Ferrell*, 2014-NMCA-005, ¶ 7, 509 P.3d 610 (internal quotation marks and citation omitted). "And when a contract provides that the prevailing party in the litigation shall be awarded reasonable attorney fees and costs, a [district] court may abuse its discretion if it fails to award attorney fees." *Id.* (alteration, internal quotation marks, and citation omitted). An abuse of discretion occurs where the district court's decision is "contrary to logic and reason." *Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 10, 287 P.3d 318 (internal quotation marks and citation omitted). "When there exist reasons both supporting and detracting from a [district] court['s] decision, there is no abuse of discretion." *Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89, 847 P.2d 323.

**{9}** We turn now to consider the argument of Appellant vis-à-vis the award of attorney fees in this case. Here, Appellant principally disagrees that Appellee should have been declared the prevailing party in the underlying litigation and thereby entitled to attorney fees and costs under the Contract. In resolving this issue, we consider the language in the Contract governing the recovery of attorney fees as well as the basis for the district court's decision that Appellee was the prevailing party and entitled to such an award. We then determine whether the district court abused its discretion in making this decision.

**{10}** The Contract between the parties provides that "[i]f either party uses the services of any attorney to enforce that party's rights or the other party's obligations under this Contract, *the prevailing party will recover reasonable attorney*[] *fees and costs* from the

---

[3]Appellee was awarded attorney fees and costs through June 15, 2021, in the amount of $65,541.05. Additionally, Appellee was permitted to file a supplemental affidavit for attorney fees and costs reflecting the attorney fees and costs he incurred since June 15, 2021.

non[]prevailing party." The award of attorney fees and costs in this case is based on the district court's interpretation of the Contract and its findings that: (1) Appellant was in default of the terms of the Contract when she failed to make the monthly payments to Appellee as required by the Contract; (2) Appellee filed the Complaint due to Appellant's default for nonpayment of the monthly installments, thereby enforcing Appellee's rights under the Contract; (3) Appellant cured the default when she paid to Appellee the outstanding monthly payments; (4) Appellant's payment of the outstanding monthly payments was an admission that she was in default and owed the monthly payments to Appellee; (5) Appellee was successful in enforcing his right to payment of the outstanding monthly payments due and owing to him under the Contract; (6) the Contract provided that the prevailing party is entitled to attorney fees and costs; (7) Appellee prevailed in enforcing his rights to the outstanding monthly payments due under the Contract; (8) "[Appellee] is the prevailing party in this lawsuit"; and (9) as the prevailing party Appellee is entitled to attorney fees and costs.

**{11}**     The resolution of this issue necessarily requires that we interpret the meaning of the Contract, specifically the provision governing the recovery of attorney fees and costs. In so doing we look first to the language of the Contract to determine if it is ambiguous and subject to different interpretation. Contract interpretation "often turns upon whether the court determines that the contract is ambiguous." *C.R. Anthony Co. v. Loretto Mall Partners*, 1991-NMSC-070, ¶ 12, 112 N.M. 504, 817 P.2d 238. "A contract term may be ambiguous if it is reasonably and fairly susceptible to different constructions." *ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 23, 299 P.3d 844 (alteration, internal quotation marks, and citation omitted). "If a court concludes that there is no ambiguity, the words of the contract are to be given their ordinary and usual meaning." *Id.* (alteration, internal quotation marks, and citation omitted). Further, [t]he . . . meaning . . . [of] a contract is to be deduced from the language employed by [the parties]; and where such language is not ambiguous, it is conclusive." *Id.* (internal quotation marks and citation omitted).

**{12}**     We conclude that the language of the Contract governing the recovery of attorney fees and costs is clear and unambiguous. It explicitly informs the parties of the circumstances when attorney fees and costs may be recovered and who is entitled to attorney fees and costs in those circumstances. That is, the Contract informs the parties that when a party hires an attorney to enforce that party's rights or the other party's obligations under the Contract, that party, if successful in enforcing their rights under the Contract or the other party's obligations under the Contract, is the prevailing party and is entitled to attorney fees and costs. We conclude that there is no ambiguity in the Contract vis-à-vis the recovery of attorney fees and costs by the prevailing party when they engage the services of an attorney to enforce their rights under the Contract and/or enforce the obligation of the other party under the Contract. We turn then to consider whether the district court abused its discretion in finding that Appellee was the prevailing party and entitled to an award of attorney fees and costs. We conclude it did not and explain.

**{13}** This litigation began when Appellee filed the Complaint in response to Appellant's default in making payments as required under the Contract. In addition to alleging in the Complaint that Appellant was in default because she failed to make payments as required by the Contract, Appellee alleged that he was "entitled to an award of . . . attorney[] fees, pursuant to the . . . [Contract], . . . to an award of its costs," and requested attorney fees and costs in the prayer of the Complaint. It cannot be disputed that Appellee's impetus for filing the Complaint was to enforce his rights under the Contract due to the default by Appellant in making the payments as required by the terms of the Contract. *See generally* the Complaint and prayer section of the Complaint.

**{14}** In the course of this litigation, Appellant paid the outstanding monthly payments to Appellee, ultimately paying off what was owed under the Contract. We agree with the district court that Appellant thereby acknowledged that she was in default of the Contact and was curing the default. A review of the record reveals that until then, Appellant denied that she was in default. *See, e.g.*, "[Appellant's] Answer to Complaint for Foreclosure and Counterclaim." As a result of Appellee's action to enforce his rights under the Contract during this litigation, Appellee recouped the outstanding monthly payments due and owing by Appellant under the Contract. In other words, Appellee prevailed in obtaining that which he sought in bringing this lawsuit—payment by Appellant of the outstanding monthly payments due and owing to Appellee under the Contract. Further, Appellant pursued counterclaims even after the Complaint was dismissed and those were ultimately dismissed with prejudice. Thus, the district court was correct in determining that Appellee was the prevailing party and that as the prevailing party Appellee was entitled to recover attorney fees and costs under the plain meaning of the provision governing recovery of attorney fees and costs contained in the Contract. As a corollary to this conclusion, we hold that the district court did not abuse its discretion in making these determinations and that it cannot be said that these determinations are contrary to logic and reason. We therefore affirm the district court.

### III. The District Court Did Not Err When It Permitted Appellee to File Notice of Lis Pendens

**{15}** Appellant contends inter alia that the district court erred by permitting Appellee's filing of the notice of lis pendens after the Complaint was dismissed and that it was an abuse of process for Appellee to file the notice of lis pendens. The questions before us are: (1) whether the filing of a notice of lis pendens under NMSA 1978, Section 38-1-14 (1965) was error; and (2) whether the filing of the notice of lis pendens in these circumstances amounted to abuse of process.

**{16}** This Court operates pursuant to a presumption of correctness in favor of the district court's rulings. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings of the district court, and the party claiming error bears the burden of showing such error). For the following reasons, we are not persuaded that Appellant has overcome this presumption of correctness.

**{17}** As to the resolution of this issue, Appellant's decision to forego the timely filing of an appeal of this case following the district court's entry of its order dismissing the Complaint had decisive consequences vis-à-vis whether Appellant could subsequently successfully challenge on appeal the district court's decision to authorize the filing of the notice of lis pendens. Put another way, Appellant's decision to delay timely filing of her appeal of this case until after the district court decided the issue of attorney fees ultimately controlled whether the order dismissing the case on the merits of Appellee's claims was a final order, or instead, whether the case remained pending—the primary question concerning the propriety of the notice of lis pendens. This is because of our Supreme Court's decision in *Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, 115 N.M. 397, 851 P.2d 1064, addressing the finality of judgments on the merits when attorney fees are subsequently sought. In *Trujillo,* our Supreme Court retreated from establishing a bright-line rule for the timely filing of notices of appeal in cases involving attorney fees. *Id.* ¶ 5. The Court held that when "appeal of a marginal case [coming within the twilight zone of finality] would be proper, we would not in the same case refuse the appeal if the aggrieved party were to delay the giving of a timely notice of appeal until resolution of the matters supplemental to the underlying controversy." *Id.* ¶ 4 (internal quotation marks omitted). Rather, "in the twilight zone [of finality] a party should be allowed to choose the appropriate time for appeal." *Id.* ¶ 5. Thus, under *Trujillo* an appellant has the choice of treating the order of dismissal as final and appealing from that substantive order, in this case the order dismissing the Complaint, or waiting for the attorney fees judgment and appealing from both.

**{18}** Here, Appellant did not timely file a notice of appeal after entry of the order dismissing the Complaint without prejudice. Instead, Appellant waited, treated that order as nonfinal, and filed her notice of appeal after entry of the "Order Awarding Attorneys' Fees and Costs through June 15, 2021" as permitted by *Trujillo.* As a consequence of Appellant's decision to delay the filing of a notice of appeal, the order dismissing the Complaint was not final at the time the district court permitted Appellee to file the notice of lis pendens at issue. Indeed, Appellant acknowledges her choice by appealing on both merits issues and the issue of attorney fees more than thirty days after the entry of the order on the merits.

**{19}** Appellant cannot elect to delay the filing of a timely notice of appeal until resolution of the attorney fees issue, taking advantage of the nonfinality of the judgment on the merits, and at the same time argue on appeal that the notice of lis pendens was improperly filed after the entry of a final judgment. *See In re Maddison*, 1927-NMSC-027, ¶ 16, 32 N.M. 252, 255 P. 630 ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [they] may not thereafter, simply because [their] interests have changed, assume a contrary position." (internal quotation marks and citation omitted)). We conclude that the district court did not err by permitting Appellee to file the notice of lis pendens at issue. Consequently, we need not decide whether the filing of the notice of lis pendens amounted to abuse of process.

**CONCLUSION**

**{20}** For the above stated reasons, we affirm the district court in all respects.

**{21}  IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**